IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/<br>Respondent,<br><br>vs.<br><br>LARRY WELDON BURNS,<br><br>Defendant/<br>Movant. | No. CR-F-04-5032 REC<br><br>ORDER DENYING PETITION FOR<br>MODIFICATION OF SUPERVISED<br>RELEASE |

On October 20, 2005, petitioner Larry Weldon Burns, filed an Ex Parte Petition for Modification of Supervised Release.

By Order filed on October 24, 2005, the court, stating that it would not consider the petition on an ex parte basis, ordered the United States Probation Office to respond to the petition. On November 16, 2005, the Probation Office filed its response.

Petitioner was convicted and sentenced by the United States District Court for the Eastern District of Arkansas, Case No. 99CR00107 SMR, of conspiracy to distribute a controlled substance

and sentenced to 61 months imprisonment and a five year term of supervised release.  Jurisdiction of supervised release was transferred to the Eastern District of California in July, 2004.[1]

By his petition, petitioner seeks termination of supervised release.  Petitioner contends that he has completed the Federal Drug Education Course and the Federal Drug Abuse Program while incarcerated; that he has meet all the requirements for supervised release, including drug testing, during the first fourteen months of supervised release; that he has maintained full-time employment, has an exemplary work record and regularly meets all of his financial and personal obligations necessary to maintain a household since his release from prison; that he has recently married and is committed to a healthy, active relationship with his son, daughter and four grandchildren; and that he has come to understand and appreciate that rights and freedoms enjoyed by law-abiding citizens truly are privileges, come with responsibilities, and are not to be taken for granted.

The Probation Office recommends against termination of supervised release.  The Probation Office does not take issue with any of the reasons stated by petitioner in support of his petition.  The Probation Office recommends denial because of petitioner's criminal history, which includes a history of violence, narcotics offenses and weapons violations.  While

---

[1] Petitioner applied to the Eastern District of Arkansas for termination of supervised release.  However, the court denied the request because supervision had been transferred to this court.

agreeing that petitioner has made positive strides towards his supervision objectives and appears to be in compliance, the Probation Office views petitioner as a potential danger to the community and states that supervision still appears warranted to ensure community protection as well as continued compliant behavior by petitioner.

This court has the discretion to terminate supervised release at any time after the expiration of one year of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice ...."  The court may do so after considering certain of the factors set forth in 18 U.S.C. § 3553 which the court must also weigh in determining the initial sentence.  The identified factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed -
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant;
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (4) the kinds of sentences and the sentencing range established for [defendants with similar characteristics under applicable Sentencing Guidelines and policy statements];
>
> (5) any pertinent policy statement issued by the Sentencing Commission ... that is in effect on the date the defendant is

3

sentenced; and

(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

Here, petitioner's request for early termination of supervised release is based on his successful completion of prison programs and his compliance to date with the terms of his supervised release.  Petitioner presents no other compelling reason for early termination.  However, the court concludes that compliance with the terms of supervised release cannot alone be sufficient reason to terminate the supervised release "since, if it were, the exception would swallow the rule."  United States v. Medina, 17 F.Supp.2d 245, 247 (S.D.N.Y. 1998).  Model prison conduct and full compliance with the terms of supervised release is what is expected of petitioner and does not, of itself, warrant early termination.  Furthermore, the Probation Office advises the court that petitioner would not have been recommended for early termination because of his criminal history, which makes him a risk to the community.

ACCORDINGLY:

1.  Petitioner Larry Weldon Burns Ex Parte Petition for Modification of Supervision is denied.

IT IS SO ORDERED.

**Dated:  November 23, 2005**                 **/s/ Robert E. Coyle**
668554                                          UNITED STATES DISTRICT JUDGE

4